**Edgar HOVHANNISYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73567.

Agency No. A78–443–859.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Edgar Hovhannisyan, Glendale, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Emily A. Radford, Esq., Blair T. O'Connor, Esq., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Edgar Hovhannisyan, a native and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition.

Hovhannisyan admitted that upon arriving in the United States, he told immigration officials that he feared returning to Armenia because people were after him for money and did not mention any of the politically-motivated attacks set forth in his asylum application. While statements given during airport interviews are not always valuable impeachment sources, *see Singh v. INS,* 292 F.3d 1017, 1021–24 (9th Cir.2002), here the statement's reliability is not in question because Hovhannisyan admitted making it. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004). Further, Hovhannisyan's airport statement does not just lack detail, but contradicts what he later claimed, *see id.* at 963, and Hovhannisyan provided no corroborating documentation. *See Chebchoub,* 257 F.3d at 1044 (upholding adverse credibility determination where petitioner's credibility was in question and petitioner failed to produce non-duplicative, material, and easily available corroborative evidence from family members in the United States and western Europe). As the evidence does not compel a contrary result, we uphold the BIA's adverse credibility determination. *See de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997).

Because Hovhannisyan failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Aschroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, because Hovhannisyan's claim for relief under the CAT was based on the same incredible evidence as his asylum application, substantial evidence also supports the BIA's denial of relief under the CAT. *See id.* at 1156–57.

PETITION FOR REVIEW DENIED.