**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR HOVHANNISYAN, | No. 09-70629 |
| Petitioner, | |
| | Agency No. A078-443-859 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Edgar Hovhannisyan, a native and citizen of Armenia, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his second motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion by denying Hovhannisyan's motion to reopen as untimely where the motion was filed more than 90 days after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Hovhannisyan failed to establish changed country conditions in Armenia to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

We reject Hovhannisyan's contentions that the BIA failed to consider his country conditions evidence and did not adequately explain its decision. *See Najmabadi*, 597 F.3d at 990-91. We also reject Hovhannisyan's contention that the BIA's decision violates due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for due process violation).

To the extent Hovhannisyan challenges the agency's underlying adverse credibility determination, we decline to review those contentions because the court previously addressed the issue in *Hovhannisyan v. Ashcroft*, No. 03-73567 (9th Cir. 2005). *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (under the

'law of the case doctrine,' one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**